OPINION
{¶ 1} Gerald R. McCain is appealing not from his conviction and sentence for petty theft, following his guilty plea, but from sentences of incarceration for apparently failing to pay court costs and a fine imposed as a result of his guilty plea.
 {¶ 2} On appeal, represented by counsel, he presents the following two assignments of error:
 {¶ 3} "The trial court erred by sentencing appellant to jail upon finding appellant in contempt for non-payment of court costs.
 {¶ 4} "The trial court erred by sentencing appellant to jail upon finding appellant in contempt for non-payment of his fine."
 {¶ 5} McCain essentially argues that a court cannot incarcerate a person for nonpayment of court costs, and as for the nonpayment of his fine the court should have followed statutory hearing requirements to determine whether the offender is indigent or not.
 {¶ 6} The appellee has conceded that the record does not show that the trial court clearly stated the basis for its finding of contempt, and the first assignment of error should be sustained and the case remanded back to the trial court for re-sentencing.
 {¶ 7} The State also concedes, in part, that the second assignment of error should be sustained because the appellant was not given the full time required to credit him for his already served jail time, the court having sentenced him to seven days incarceration without giving him credit for the five days he already served. The State also concedes that this case should be remanded back to the trial court in order for the appellant to be properly sentenced.
 {¶ 8} We agree. The acting judge did not properly follow statutory procedures in finding the appellant in contempt and sentencing him to incarceration. Both assignments of error are sustained and the case is remanded back to the trial court for proper re-sentencing.
Brogan, P.J., and Donovan, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)